J-S50032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY LEE FENSTERMAKER, JR., | : | |
| | : | |
| Appellant | : | No. 263 WDA 2018 |

Appeal from the Judgment of Sentence, February 8, 2018,
in the Court of Common Pleas of Butler County,
Criminal Division at No(s):  CP-10-CR-0000592-2017.

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDIUM BY KUNSELMAN, J.:          **FILED DECEMBER 18, 2018**

Randy Lee Fenstermaker, Jr. appeals his judgment of sentence, claiming that his lifetime sentence of registration under the Sex Offender Registration and Notification Act (SORNA)[1] is illegal.  He claims that the trial court could not order registration in excess of the maximum possible incarceration periods for his crimes – here, 14 years.  This Court has recently rejected that legal theory; thus, we affirm.

According to the Commonwealth's affidavit of probable cause, on the morning of February 27, 2017, Fenstermaker molested his roommate's four-year-old daughter.  She immediately reported the assault to her father, who called the police.  Two days later, they arrested Fenstermaker.  After receiving

_____

[1] 42 Pa.C.S.A. § 9799.10 *et seq*.

his constitutional warnings under **Miranda v. Arizona**, 384 U.S. 436 (1966), he confessed.

In October of 2017, Fenstermaker pleaded guilty to indecent assault[2] and corruption of minors.[3] The trial court accepted his negotiated guilty plea, which called for an aggregate sentence of two to four years' imprisonment.

The court also informed Fenstermaker that he was a Tier III offender under SORNA and ordered him to comply with its registration requirements for the rest of his life. Thereafter, he filed a post-sentence motion, claiming that a lifetime registration requirement constituted an illegal sentence, because the SORNA registration was for a longer period than the maximum sentences for the crimes to which he pleaded guilty. The court of common pleas rejected that contention.

This timely appeal followed.

Fenstermaker raises one issue on appeal. He argues that, because the case of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), held SORNA's registrations requirements to be criminal punishment, the common pleas court "erred in sentencing him to an illegal sentence,[4] as he was sentenced to a

---

[2] 18 Pa.C.S.A. § 3126(a)(7).

[3] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[4] "We review the legality of a sentence *de novo*, and our scope of review is plenary." **Commonwealth v. Butler**, 173 A.3d 1212, 1215 (Pa. Super. 2017).

lifetime registration under SORNA where the statutory maximum sentence is fourteen years." Fenstermaker's Brief at 20.

The Commonwealth does not directly address Fenstermaker's argument. Instead, it replies that the version of SORNA, under which he was sentenced, "no longer exists."[5] Commonwealth's Brief at 1. It points out the General Assembly, on February 21, 2018, amended SORNA via Act 10 (and, later, via Act 29) "to specifically address **Muniz**, as well as **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017)." **Id.** Thus, the Commonwealth thinks that Act 10 of 2018 (and, presumably, now Act 29) has reformed SORNA from criminal punishment into a non-punitive, "collateral consequence" of an underlying crime. **Id.**

We need not address the Commonwealth's claim that Acts 10 – and by extension, Act 29 – have reverted sex-registration in Pennsylvania to a civil, collateral consequence, rather than criminal punishment, to resolve this appeal. Even if the General Assembly has failed in its attempt to render SORNA's registration requirements non-punitive, Fenstermaker would still lose his appeal under **Commonwealth v. Strafford**, 194 A.3d 168 (Pa. Super. 2018).

There, a panel of this Court held that our legislature could – and did – create multiple types of punishment for a given crime. Thus, the legislature

---

[5] The Commonwealth is correct that the legislature has repealed and replaced the original SORNA since Fenstermaker's guilty plea and sentence. The first, now-repealed-and-replaced rendition of SORNA was the General Assembly's fourth edition of Megan's Law, which also suffered constitutional infirmities.

may punish sex-offenders by *both* a statutory-maximum incarceration period *and* a limitless SORNA-registration period thereafter. We found those two punishments are separate and distinct. Thus, sex-offenders' SORNA registration periods are unrelated to whatever maximum-incarceration period Chapter 11 of the Crimes Code establishes for their crimes.

We explained:

> that the General Assembly "has the exclusive power to pronounce which acts are crimes, to define crimes, and to fix the punishment for all crimes. The legislature also has the sole power to classify crimes[.]" **Commonwealth v. Eisenberg**, 626 Pa. 512, 98 A.3d 1268, 1283 (2014) (citation and quotation omitted).
>
> Our General Assembly has authorized courts to impose specific punishments when fashioning a sentence, and specified maximum terms and amounts of those punishments. These categories of punishment include (1) partial or total confinement, (2) probation, (3) state or county intermediate punishment, (4) a determination of guilt without further penalty, and (5) a fine. 42 Pa.C.S. § 9721.
>
> With respect to the punishment of incarceration, 18 Pa.C.S. § 1103 governs the maximum authorized sentence of imprisonment for felony convictions. By a separate statute, these maximum allowable terms also apply to probationary sentences, a different category of punishment authorized by the General Assembly. In 42 Pa.C.S. § 9754(a), the legislature directed that "[i]n imposing an order of probation, the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision." **Id.** (emphasis added). Thus, the legislature explicitly connected the authorized punishments of incarceration and probation by statute.

However, most sentencing alternatives are not tied to the maximum authorized term of incarceration. For example, the legislature has authorized courts to include in sentences the requirement that a defendant pay a fine or restitution. These categories of punishment are not limited by the maximum period of incarceration; rather, the legislature set different maximum authorized amounts of punishment a court may impose as part of its sentence. *See, e.g.,* 18 Pa.C.S. § 1101 (defining maximum fines); 18 Pa.C.S. § 1106 (providing statutory scheme for restitution for injuries to person or property).

In SORNA, the legislature authorized courts to include periods of registration as part of a sentence. Similar to the treatment of the payment of fines or restitution, the legislature did not tie the period of registration to the length of incarceration. *See* 42 Pa.C.S. § 9799.14 ("Sexual offenses and tier system"); 42 Pa.C.S. § 9799.15 ("Period of registration"). SORNA's registration provisions are not constrained by [18 Pa.C.S.A. §] 1103. Rather, SORNA's registration requirements are an authorized, punitive measure separate and apart from Appellant's term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

Accordingly, we conclude that Appellant's lifetime registration requirement authorized by SORNA does not constitute an illegal sentence. Appellant is not entitled to relief.

*Strafford*, 194 A.3d at 172–73. *See also Commonwealth v. Bricker*, ___ A.3d ___, 2018 WL 5093265 (Pa. Super. 2018) (accord).

Based on our decision in *Stafford*, *supra*, Fenstermaker's argument on appeal fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2018